# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**OSCAR D. MOORE, SR, ET AL**                                            **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 1:10-cv-178 NBB-JAD**

**TRUE TEMPER SPORTS, INC.**                                          **DEFENDANTS**

## DEFENDANT'S MOTION TO STAY DISCOVERY

**COMES NOW** Defendant, True Temper Sports, Inc. ("True Temper"), by and through counsel, and respectfully moves this Court for an Order staying discovery. In support of this motion, Defendant offers the following:

1.     Oscar Moore, Sr., Steve Lowe, Rodney Hampton, and Clyde Reddick, Jr. ("Plaintiffs") filed this race-discrimination lawsuit against their employer after they received a five-day suspension for refusing to wear company-issued t-shirts during site visits by Defendant's customers. *See* Complaint, Docket Entry No. 1. Defendant moved to dismiss on the basis that a five-day suspension does not constitute an actionable adverse employment action under Fifth Circuit precedent. *See* Defendant's Memorandum and Rebuttal in Support of Motion to Dismiss, Docket Entry Nos. 8 & 14.

2.     It has long been recognized that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Indeed, it is hornbook law that "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." *See Stine v. Lappin*, 2008 WL 4216108 *1 (D. Colo. 2008) (brackets in original) (quoting 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994)[*See attached opinion*].

3.     A stay of discovery is warranted in this case because Defendant's Motion to Dismiss raises a pure question of law and, if granted, would terminate the litigation. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (explaining that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action"); *see also Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'"). As discussed above and in Defendant's Motion to Dismiss, it is likely that Plaintiffs' lawsuit will be dismissed for failure to state a cognizable adverse employment action under Circuit precedent. *See Zaffuto v. City of Hammond*, 308 F.3d 485, 493 (5th Cir. 2002) (questioning whether even a 30-day suspension would constitute an adverse employment action).

4.     The nature of Plaintiffs' claim for damages also makes a stay uniquely appropriate. Plaintiffs seek relief for the five-day suspension they received for refusing to wear company-issued t-shirts during site visits by Defendant's customers. To be clear, each Plaintiff remains employed by the Defendant, and, as explained in Defendant's Rebuttal in Support of Motion to Dismiss, Plaintiffs have already been made whole through an NLRB settlement agreement. *See* Defendant's Rebuttal in Support of Motion to Dismiss, Docket Entry No. 14. Allowing Plaintiffs to conduct discovery before the Court has addressed the Motion to Dismiss would unfairly prejudice Defendants by imposing time and costs greater than any damages Plaintiffs could recover, even in the unlikely event that liability could be established.

5.     Given the nature of this motion, Defendant asks that the requirement for a separate memorandum of authorities be waived.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests an Order staying discovery until Defendant's Motion to Dismiss is ruled upon.

Dated:  January 5, 2011.

Respectfully submitted,

**TRUE TEMPER SPORTS, INC., Defendant.**

BY:   */s/ G. Todd Butler*
　　　 W. Thomas Siler, Jr., MB #6791
　　　 G. Todd Butler, MB #102907
　　　 PHELPS DUNBAR, LLP
　　　 4270 I-55 North
　　　 Jackson, Mississippi  39211-6391
　　　 P. O. Box 16114
　　　 Jackson, Mississippi 39236-6114
　　　 Telephone: (601) 352-2300
　　　 Telecopier: (601) 360-9777

PD.4611319.1

## CERTIFICATE OF SERVICE

I, G. TODD BUTLER, the undersigned attorney for True Temper Sports, Inc., do hereby certify that I have this date electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Tim R. Wadsworth
WADSWORTH & MIDDLETON, P.C.
55051 Hwy 17
P.O. Box 987
Sulligent, AL 35586
(205) 698-9118
wadsworth@centurytel.net

***ATTORNEY FOR PLAINTIFFS***

**SO CERTIFIED**, this the 5th day of January, 2011.


*/s/ G. Todd Butler                             /*
G. TODD BUTLER