IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OSCAR D. MOORE, SR, ET AL                                            PLAINTIFFS

VS.                                    CIVIL ACTION NO. 1:10-CV-178-NBB-DAS

TRUE TEMPER SPORTS, INC.                                    DEFENDANT

**<u>ORDER DENYING INTERLOCUTORY APPEAL</u>**

This cause comes before the court upon the defendant's motion for certification pursuant to 28 U.S.C. § 1292(b). The defendant, True Temper Sports, Inc., moves the court to certify the court's order of September 27, 2011, as an immediately appealable interlocutory decision.

On September 27, 2011, this court issued its order and memorandum opinion denying the defendant's motion to dismiss. The defendant argues that the plaintiffs have not pled an actionable adverse employment action to support the complaint against their employer for race discrimination. In discrimination cases, as opposed to retaliation cases, the Fifth Circuit continues to require an "ultimate employment decision." *McCoy v. City of Shreveport,* 492 F.3d 551, 559-60 (5th Cir. 2007). The defendant contends that "the singular issue for decision is whether a five day suspension can rise to the level of an 'ultimate employment action.'"

Title 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Accepting the well-pleaded facts of the complaint as true and drawing all reasonable inferences in favor of the plaintiffs, the court found that the plaintiffs' complaint states a claim for relief that is plausible on its face since the complaint alleges that each plaintiff was transferred, denied paid leave, and suspended without pay. Transfers, denial of paid leave, and suspensions can all be ultimate employment actions. *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 283 (transfer); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 521 (5th Cir. 2001) (denial of paid leave); *Polanco v. City of Austin, Tex.,* 78 F.3d 968 (5th Cir. 1996) (suspension). While the complaint also alleges that the plaintiffs received warnings and disciplinary write-ups for refusing to wear shirts issued by their employer, the Fifth Circuit has stated that warnings, reprimands, and disciplinary filings are not ultimate employment actions. *Zaffuto v. City of Hammond,* 308 F.3d 485, 492 (5th Cir. 2002); *Mattern v. Eastman,* 104 F.3d 702, 708 (5th Cir. 1997).

The details of the plaintiffs' transfer out of the plant on March 4, 2008, are not stated in the complaint. Discovery has not been conducted in this case since the magistrate granted defendant's motion to stay discovery pending the resolution of the defendant's motion to dismiss. The defendant states that the transfer was "to a different location for one day while True Temper's customers conducted its site visit." The plaintiffs' complaint acknowledges that the transfer was for one day, stating: "The Plaintiffs were transferred out of the plant to work in another location. Similarly situated white employees were given a paid vacation for that day or were not required to wear the shirt." It cannot be determined from the complaint whether the plaintiffs' duties, pay or benefits were affected by the transfer, and therefore it cannot be determined whether the transfer constituted an ultimate employment action. Accepting the facts in the complaint as true, the transfer did constitute a one-day denial of paid leave. Thus, the

defendant's contention that "the singular issue for decision is whether a five day suspension can rise to the level of an 'ultimate employment action'" is incorrect because the transfer and denial of paid leave are issues as well.

The length of the unpaid suspension is also not detailed in the complaint. In its motion to dismiss, the defendant asked that judicial notice be taken that the plaintiffs were suspended without pay for five days, since each of the plaintiffs state that they were suspended for five days in their EEOC complaints. The defendant then asked the court to find that a five-day suspension without pay is *de minimus* and cannot constitute an ultimate employment action. The plaintiffs' counsel, on the other hand, does not concede that the plaintiffs were each suspended without pay for five days, and he asks for discovery. He asserts "that there is more to the case than simply a suspension. . . . [T]he time lost/suspended is greater than 5 days and there are greater adverse employment actions than just suspension."

Title VII of the Civil Rights Act of 1964 states that it is unlawful for an employer "to discriminate against any individual with respect to his compensation . . . ." 42 U.S.C. § 2000e-2(a)(1). Ultimate employment actions include acts such as compensating. *Felton v. Polles,* 315 F.3d 470, 486 (5th Cir. 2002). The Fifth Circuit has stated "that our cases recognize that employment actions affecting compensation are often 'ultimate employment decisions.'" *Fierros v. Texas Dept. of Health,* 274 F.3d 187, 194 (5th Cir. 2001).

The defendant asks the court to find that an employee's loss of a full work-week's pay is *de minimus*. But in *Fierros,* the Fifth Circuit found that a denial of $57 per month merit pay increase was an ultimate employment decision and not "de minimus." 274 F.3d at 194. In *Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 519 (5th Cir. 2001), the Fifth Circuit

found that discontinuation of a $2500 stipend "is a compensation decision, thereby qualifying as an adverse employment action."

The court, in denying the defendant's motion to dismiss, found that the plaintiffs' complaint alleges an unpaid suspension which is a compensation decision that states a claim for relief that is plausible on its face. Nonetheless, accepting the defendant's contention that a five-day suspension is the "singular issue to be decided in this case," the Fifth Circuit has stated that a five-day unpaid suspension is an ultimate employment action. In *Felton v. Polles*, the Fifth Circuit stated:

> Of the following complained-of incidents within the relevant period, the January through July 1996 investigation regarding the credit card and TAL records cannot constitute an ultimate employment decision. As noted, Thomas' primary involvement in the investigation was preparation of his 17 January 1996 memo-outside the limitations period. In any event, **the investigation had 'mere tangential effect on a possible future ultimate employment decision',: namely, a five-day suspension** following the hearing at which Carter admitted placing approximately 900 minutes of personal calls at the State's expense and agreed to reimburse it for them.

315 F.3d 470, 487 (5th Cir. 2002)(internal citation omitted)(emphasis added). The court finds it peculiar that the defendant cited *Felton* three times in its memorandums to the court, yet did not direct the court to *Felton's* holding that a five-day unpaid suspension is an ultimate employment decision. The court, nonetheless, was aware of *Felton's* holding and relied on it when denying the defendant's motion to dismiss. A substantial ground for difference of opinion as to whether a five-day suspension is an ultimate employment decision does not exist under Fifth Circuit precedent, and the defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) is denied.

The magistrate's order of February 14, 2011, granted a stay of discovery and directed the parties to submit an agreed case management order or to request a status conference with the

magistrate within 14 days of the court's ruling on the motion to dismiss. The court ruled on the defendant's motion to dismiss on September 27, 2011, and the parties have ignored the magistrate's order and missed his deadline by thirty days. That the defendant sought interlocutory appeal is no excuse for disregarding the magistrate's order because a motion seeking certification to file an interlocutory appeal does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

The court directs the clerk of court to lift the stay in this case and directs the parties to submit an agreed case management order to the magistrate or to request a status conference with the magistrate within seven days.

It is, therefore, **ORDERED AND ADJUDGED**

>that the defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED**, and

that the stay in this case is lifted.

THIS the 10th day of November, 2011

>>Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE